UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Adam Bracey, | ) | Civil Action No.: 4:17-cv-00399-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Horry County Council, *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's untimely objections to the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 54 & 67. The Magistrate Judge recommends that the Court grant in part and deny in part Plaintiff's Motion to Dismiss Defendant South Carolina. *See* ECF No. 30.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[1] The Magistrate Judge submitted the R & R to this Court in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of timely filed specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

Objections to an R & R must be filed within fourteen days of the date of service. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). When service of the R & R is made by mail (as in this case), the objecting party has three additional days to file objections. *See* Fed. R. Civ. P. 6(d). A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed. *See* Fed. R. Civ. P. 5(d)(2).

### Discussion

The Magistrate Judge entered the R & R on April 26, 2017, and the Clerk mailed Plaintiff a copy of the R & R that same day. *See* ECF Nos. 54 & 55. Plaintiff's objections were therefore due by May 15, 2017.[2] *Id.* However, the Court did not receive Plaintiff's objections until May 17, 2017. *See* ECF No. 67 (timestamp by the Clerk). Thus, Plaintiff's objections are untimely.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). The Court has reviewed the record in this case, including the R & R and Plaintiff's Motion to Dismiss Defendant South Carolina. Having done so, the Court discerns no clear error and therefore will adopt and incorporate the R & R by reference.

---

[2] The R & R notified Plaintiff that "written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation." R & R at 3. Because Plaintiff was served by mail, he had three additional days to file objections. *See* Fed. R. Civ. P. 6(d).

2

**Conclusion**

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 54] of the Magistrate Judge. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Dismiss Defendant South Carolina [ECF No. 30]. The Court **DISMISSES** Defendant State of South Carolina from this action *without prejudice*. The Court **DENIES** Plaintiff's Motion to the extent Plaintiff asserts termination of said Defendant renders the entire case in proper form for authorization of service.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 23, 2017  R. Bryan Harwell
 United States District Judge