UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Adam Bracey, | ) | C/A: 4:17-399-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Horry County Council, | ) | |
| Harold Worley, | ) | |
| Mark Lazarus, | ) | |
| Bill Howard, | ) | |
| Jimmy Washington, | ) | |
| Gary Loftus, | ) | |
| Tyler Servant, | ) | |
| Cam Crawford, | ) | |
| Harold Phillips, | ) | |
| Johnny Vaught, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is an action filed by a *pro se* non-prisoner litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On February 17, 2017, March 29, 2017, and April 26, 2017, the Court ordered Plaintiff to bring this case into proper form by signing his Complaint. (ECF Nos. 8, 16, 49). Plaintiff has failed to fully comply with these three orders. The Court has not yet authorized service on any of the sixty-six Defendants named in this action. However, several defendants have filed a Motion and/or an Appearance in this case. Plaintiff has filed responses and motions with the court after said orders were issued, but still has failed to comply by signing his Complaint. Such deficiency is easily cured and the court has given Plaintiff notice in order to comply.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir.1982). It is RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice.[1]

Furthermore, if Plaintiff files the signature page of his Complaint fully signed, within fourteen days of this Report and Recommendation, the undersigned's recommendation would be to recommit this matter to the undersigned to authorize service only on Defendants which Plaintiff has brought into proper form.

May 26, 2017  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] Fed. R. Civ. Proc. 11 provides that the court must strike an unsigned paper unless promptly corrected after being called to the party's attention.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).